\*\*E-Filed 9/26/2012\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EDY BARRIOS,<br><br>    Plaintiff,<br><br>  v.<br><br>JANPRO, INC. and JOSE MENDOZA,<br><br>    Defendants. | Case No. 5:07-cv-02189-JF<br><br>ORDER DENYING MOTION TO ENFORCE SETTLEMENT<br><br>[re: dkt. entry 67] |

  Plaintiff Edy Barrios filed the present action against his former employer, JanPro, Inc., and its president, Jose Mendoza, asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and other wage and hour laws. At a case management conference held on June 12, 2009, the parties advised the Court that they had reached a settlement. The Court thereafter issued an order of dismissal.

  Barrios has filed a motion to enforce settlement, asserting that Defendants have defaulted on payments owed under the parties' settlement agreement. Barrios requests a judgment in the amount of the total outstanding payments plus prejudgment interest and attorneys' fees.

  "Enforcement of the settlement agreement, however, whether through award of damages or degree of specific performance, is more than just a continuation or renewal of the dismissed suit,

and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). Subject matter to enforce a settlement agreement may lie if the district court expressly includes in its dismissal order language incorporating the terms of the settlement agreement or retaining jurisdiction over disputes arising from the settlement agreement. *Id*. at 380-81. "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id*. at 382.

Barrios asserts that this Court "specifically retained jurisdiction" to enforce the settlement agreement. *See* Dkt. Entry 67 at p. 1. However, the Court's Order of Dismissal issued on June 16, 2009, read in its entirety as follows:

> The Court has been advised that the parties have agreed to a settlement of this case.
>
> IT IS HEREBY ORDERED that the case be dismissed with prejudice. However, if any party notifies the Court within ninety days of the date of this order that the agreed consideration for said settlement has not been delivered, this order will be vacated and the case will be restored to the calendar to be set for trial.

Dkt. Entry 65.

This language did not incorporate the terms of the parties' settlement agreement, nor did it retain jurisdiction over disputes arising from the settlement agreement. The Court's order did provide a ninety-day window within which a party could seek to have the order vacated for failure to deliver consideration. The present motion was filed more than two years after entry of the dismissal order and thus does not fall within that ninety-day window. Barrios has not demonstrated any independent basis for jurisdiction.

Accordingly, the motion to enforce settlement is DENIED.

IT IS SO ORDERED.

DATED: 9/26/2012

_____
JEREMY FOGEL
United States District Judge

2